IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEART FAILURE SOCIETY OF AMERICA, INC. )<br>Court International, Suite 240S )<br>2550 University Avenue, West )<br>St. Paul, MN 55115 )<br>                                            *Plaintiff*, )<br>)<br>   v.                                               )<br>)<br>CONFERENCE SOLUTIONS, INC., )<br>20283 State Road 7, Suite 400 )<br>Boca Raton, Florida 33496 )<br>)    Case No. _____<br>and )<br>)<br>CONFERENCE SOLUTIONS, INC. )<br>    a/k/a )<br>CSI CONFERENCE SOLUTIONS, INC )<br>246 Westview Avenue )<br>Fort Lee, New Jersey 04024 )<br>                                      *Defendants*.   ) | |

## COMPLAINT FOR INTERPLEADER

Plaintiff, Heart Failure Society of America, Inc. ("**HFSA**"), by counsel, as and for its Complaint for Interpleader against Defendants Conference Solutions, Inc. ("**CSI**") and CSI Conference Solutions, Inc. ("**CSI-II**"), states and alleges as follows:

1. Plaintiff HFSA is a not-for-profit corporation organized and existing under the laws of the State of Connecticut with its principal place of business at Court International, Suite 240S, 2550 University Avenue West, St. Paul, MN 55114.

2. Upon information and belief, Defendant CSI is a Florida corporation with its principal place of business at 20283 State Road 7, Suite 400, Boca Raton, Florida 33496.

3. Upon information and belief, Defendant CSI-II is a New Jersey Corporation with its principal place of business at 246 Westview Avenue, Fort Lee, New Jersey 07024.

4.      This Court has jurisdiction over the subject matter of this interpleader action under 28 U.S.C. § 1335, because there is diversity of citizenship among the adverse claimants within the meaning of 28 U.S.C. § 1332, and because HFSA has in its possession $500 or more, namely, $88,650, which has been or will promptly be deposited in the registry of this Court.

5.      Venue properly is laid in this judicial district under 28 U.S.C. §§ 1391(c) and 1397. A substantial part of the events or omissions giving rise to the claim occurred in this judicial district; namely, the contract(s) at issue in this matter involved services to be rendered in the District of Columbia, and Defendant(s) rendered said services in the District of Columbia. These facts render Defendants subject to personal jurisdiction in this judicial district under D.C. Code § 13-423(a)&(b) for purposes of this action. Because Defendants are corporations subject to personal jurisdiction in this judicial district, they deemed to reside in this judicial district under 28 U.S.C. § 1391(c).

6.      Alternatively, this Court has jurisdiction over the subject matter of the proposed interpleader action pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1332, because Plaintiff is of citizenship diverse to that of both Defendants, and the amount in controversy, namely, $88,650, exceeds $75,000.

7.      Alternatively, venue properly is laid in this district under 28 U.S.C. § 1391(a)(2), simply because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; namely, the contract(s) at issue in this matter involved services to be rendered in the District of Columbia, and Defendant(s) rendered said services in the District of Columbia.

8.      On or about October 15, 2004, HFSA entered into a contract with CSI to render various services, including management and planning services, in connection with HFSA's

upcoming Annual Scientific Meetings, including its 2007 Annual Scientific Meeting to be held in September 2007 (hereinafter, "**Contract**").

9. On or about June 1, 2005 the Contract was amended to extend the term for three more years to include the 2008, 2009, and 2010 Annual Scientific Meetings.

10. On or about August 1, 2007, the Contract was amended a second time to, upon information and belief, effectuate an assignment of all of CSI's existing rights and obligations under the Contract to CSI-II.

11. In September 2007, HFSA held its Annual Scientific Meeting at the Wardman Marriott Hotel in Washington, D.C.

12. Following the Annual Scientific Meeting, HFSA received invoices in differing amounts from both CSI and CSI-II. Both CSI and CSI-II claim entitlement to monies from HFSA purportedly for services rendered by them with respect to the 2007 Annual Scientific Meeting held in Washington, D.C.

13. In that regard, on or about October 18, 2007, HFSA received from CSI-II an invoice for services allegedly rendered pursuant to the Contract which, upon information and belief, had been assigned to CSI-II. Said invoice was for services rendered for the 2007 Annual Scientific Meeting and demanded payment in the amount of $ 88,650.

14. On or about October 25, 2007, HFSA received from CSI an invoice for services allegedly rendered pursuant to the Contract for the 2007 Annual Scientific Meeting demanding payment in the amount of $155,556.76.

15. HFSA acknowledges that there is an unpaid balance due under the Contract totaling $88,650, which HFSA will promptly, after the filing of this Complaint, pay to the Registry of the Court.

16. To date, HFSA has paid the following amounts with respect to the 2007 Annual Scientific Meeting:

   a. $52,515.75, a "first deposit" paid on April 3, 2007.
   b. $52,515.75, a "second deposit" paid on August 24, 2007.

17. HFSA understands that the principals and owners of CSI, which was initially party to the Contract, have had various disagreements and disputes, and are engaged in various litigation arising from and relating to those disputes. HFSA further understands that, at some time in 2007, before the 2007 Annual Scientific Meeting, one or more of the principals of CSI may have left CSI and established CSI-II. HFSA had understood and believed, and understands and believes, that the Contract was properly assigned to CSI-II and, effective upon the date of assignment, any and all obligations which HFSA had under the Contract were obligations owed to CSI-II.

18. HFSA has received competing claims for payment for the same services rendered under the same Contract. If HFSA were to pay one or the other of the demanding parties, HFSA could, based on the dispute between the demanding parties, be subjected to a claim by the other party for alleged non-payment of amounts due under the Contract.

19. HFSA cannot be in a position wherein it pays either CSI or CSI-II and then is subjected to a claim from the other. Nor can HFSA be in a position wherein it pays both of the claiming parties, since it most assuredly does not owe monies to both claiming parties.

20.     The CSI invoice is substantially overstated in any event, based upon payments previously made as well as other considerations, including that which appears to be excess charges.

21.     HFSA is a mere stakeholder under the circumstances and has no beneficial interest in the amounts claimed to be due under the Contract. In view of the potentially competing claims for amounts allegedly due under the Contract, HFSA presently could be at risk for claims by both parties, irrespective of the merit of such claims.

22.     In these circumstances, HFSA desires to pay in to the registry of the Court the amounts which it has not paid and acknowledges are due and owing under the Contract for the 2007 Annual Scientific Meeting, although it does not know to a certainty to which of the two demanding parties monies are owed.

WHEREFORE, Plaintiff HFSA requests that this Court order, adjudge, and decree:

1.  That each of the Defendants be restrained from instituting any action against HFSA for the recovery of the amount claimed to be due or outstanding;

2.  That the Defendants be required to interplead and settle between themselves their rights to any monies due under the Contract;

3.  That HFSA be discharged from all liability upon its deposit of the proceeds with the Clerk of this Court;

4.  That HFSA recover its costs and attorneys' fees; and

5.  That the Court grant to HFSA such other relief as the Court deems to be just and proper.

                        HEART FAILURE SOCIETY OF AMERICA, Inc.

By: /s/ *[signature]*

Brian Coleman (D.C. Bar. No. 459201)
Allen V. Farber (D.C. Bar No. 912865)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Suite 1100
Washington, DC 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
Brian.Coleman@dbr.com
Allen.Farber@dbr.com

*Counsel for Plaintiff Heart Failure Society of America*

Dated: December 6, 2007

- 6 -

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Heart Failure Society of America, Inc. | Conference Solutions, Inc. and CSI Conference Solutions, Inc. |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Ramsey County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Brian Coleman, Esq.
Allen V. Farber, Esq.
Drinker Biddle & Reath LLP
1500 K Street, N.W.
Washington, D.C. 20005
(202)230-5154

ATTORNEYS (IF KNOWN)

Brian Levin, Esq.
Dimond Kaplan & Rothstein, P.A.
2665 S. Bayshore Dr., Penthouse 2B
Miami, FL 33133
(305) 374-1920

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ● 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**     OR     ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. §§ 1335, 1397, 2361, Interpleader

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ INTERPLEADER    Check YES only if demanded in complaint
JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 12/06/07    SIGNATURE OF ATTORNEY OF RECORD [signature]

---

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.