IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEART FAILURE SOCIETY OF AMERICA, INC. )<br>Court International, Suite 240S )<br>2550 University Avenue, West )<br>St. Paul, MN 55115 )<br>        *Plaintiff*, )<br> )<br>v. )<br> )<br>CONFERENCE SOLUTIONS, INC., )<br>20283 State Road 7, Suite 400 )<br>Boca Raton, Florida 33496 )<br> )  Case No. _____<br>and )<br> )<br>CONFERENCE SOLUTIONS, INC. )<br> a/k/a )<br>CSI CONFERENCE SOLUTIONS, INC )<br>246 Westview Avenue )<br>Fort Lee, New Jersey 04024 )<br>        *Defendants*. ) | |

**MOTION FOR PERMISSION TO FILE COMPLAINT FOR INTERPLEADER AND TO
DEPOSIT FUNDS IN THE COURT REGISTRY**

  Plaintiff, Heart Failure Society of America, Inc. ("**HFSA**"), by counsel, pursuant to 28 U.S.C. §§ 1335, 1391, 1397, and 2361 or, alternatively, pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1332, respectfully moves the Court for permission to file a Complaint for Interpleader and to deposit funds in the registry of the Court.

**STATEMENT OF POINTS AND AUTHORITIES AND RELEVANT FACTS**

  1.  On or about October 15, 2004, HFSA entered into a contract with Defendant Conference Solutions, Inc. ("**CSI**") to render various services, including management and planning services, in connection with HFSA's upcoming Annual Scientific Meetings, including its 2007 Annual Scientific Meeting to be held in September 2007 (hereinafter, "**Contract**").

2.   On or about June 1, 2005 the Contract was amended to extend the term for three more years to include the 2008, 2009, and 2010 Annual Scientific Meetings.

3.   On or about August 1, 2007, the Contract was amended a second time to, upon information and belief, effectuate an assignment of all of CSI's existing rights and obligations under the Contract to Defendant CSI Conference Solutions, Inc. ("**CSI-II**").

4.   In September 2007, HFSA held its Annual Scientific Meeting at the Wardman Marriott Hotel in Washington, D.C.

5.   Following the Annual Scientific Meeting, HFSA received invoices in differing amounts from both CSI and CSI-II. Both CSI and CSI-II claim entitlement to monies from HFSA purportedly for services rendered by them with respect to the 2007 Annual Scientific Meeting held in Washington, D.C.

6.   In that regard, on or about October 18, 2007, HFSA received from CSI-II an invoice for services allegedly rendered pursuant to the Contract which, upon information and belief, had been assigned to CSI-II. Said invoice was for services rendered for the 2007 Annual Scientific Meeting and demanded payment in the amount of $ 88,650.

7.   On or about October 25, 2007, HFSA received from CSI an invoice for services allegedly rendered pursuant to the Contract for the 2007 Annual Scientific Meeting demanding payment in the amount of $155,556.76.

8.   HFSA acknowledges that there is an unpaid balance due under the Contract totaling $88,650, which HFSA will promptly, after the filing of this Complaint, pay to the Registry of the Court.

9. To date, HFSA has paid the following amounts with respect to the 2007 Annual Scientific Meeting:

    a. $52,515.75, a "first deposit" paid on April 3, 2007.
    b. $52,515.75, a "second deposit" paid on August 24, 2007.

10. HFSA understands that the principals and owners of CSI, which was initially party to the Contract, have had various disagreements and disputes, and are engaged in various litigation arising from and relating to those disputes. HFSA further understands that, at some time in 2007, before the 2007 Annual Scientific Meeting, one or more of the principals of CSI may have left CSI and established CSI-II. HFSA had understood and believed, and understands and believes, that the Contract was properly assigned to CSI-II and, effective upon the date of assignment, any and all obligations which HFSA had under the Contract were obligations owed to CSI-II.

11. HFSA has received competing claims for payment for the same services rendered under the same Contract. If HFSA were to pay one or the other of the demanding parties, HFSA could, based on the dispute between the demanding parties, be subjected to a claim by the other party for alleged non-payment of amounts due under the Contract.

12. HFSA cannot be in a position wherein it pays either CSI or CSI-II and then is subjected to a claim from the other. Nor can HFSA be in a position wherein it pays both of the claiming parties, since it most assuredly does not owe monies to both claiming parties.

13. The CSI invoice is substantially overstated in any event, based upon payments previously made as well as other considerations, including that which appears to be excess charges.

14. HFSA is a mere stakeholder under the circumstances and has no beneficial interest in the amounts claimed to be due under the Contract. In view of the potentially competing claims for amounts allegedly due under the Contract, HFSA presently could be at risk for claims by both parties, irrespective of the merit of such claims.

15. In these circumstances, HFSA desires to pay in to the registry of the Court the amounts which it has not paid and acknowledges are due and owing under the Contract for the 2007 Annual Scientific Meeting, although it does not know to a certainty to which of the two demanding parties monies are owed.

16. This Court has jurisdiction over the subject matter of the proposed interpleader action under 28 U.S.C. § 1335, because there is diversity of citizenship among the adverse claimants within the meaning of 28 U.S.C. § 1332, and because HFSA has in its possession $500 or more, namely, $88,650, which will promptly be deposited in the registry of this Court.

17. Venue properly is laid in this judicial district under 28 U.S.C. §§ 1391(c) and 1397. A substantial part of the events or omissions giving rise to the claim occurred in this judicial district; namely, the contract(s) at issue in this matter involved services to be rendered in the District of Columbia, and Defendant(s) rendered said services in the District of Columbia. These facts render Defendants subject to personal jurisdiction in this judicial district under the applicable long-arm statute, D.C. Code § 13-423(a)(1)&(a)(2). Because Defendants are corporations subject to personal jurisdiction in this judicial district, they are deemed to reside in this judicial district under 28 U.S.C. § 1391(c). *Cf. Moseley v. Sunshine Biscuits, Inc.*, 110 F. Supp. 157, 158 (D. Mo. 1952) (interpreting the term "residence" as used in 1952 version of 28 U.S.C. § 1397 for venue purposes by reference to and incorporation of the language of the general venue statute, 28 U.S.C. § 1391(c)).

18.   Alternatively, this Court has jurisdiction over the subject matter of the proposed interpleader action pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1332, because Plaintiff is of citizenship diverse to that of both Defendants, and the amount in controversy, namely, $88,650, exceeds $75,000.

19.   Alternatively, venue properly is laid in this district under 28 U.S.C. § 1391(a)(2), simply because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; namely, the contract(s) at issue in this matter involved services to be rendered in the District of Columbia, and Defendant(s) rendered said services in the District of Columbia.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion for Leave to File Complaint for Interpleader and to Deposit Funds in the Court Registry should be granted.

**WHEREFORE**, Plaintiff HFSA respectfully moves this Court for permission to file the Complaint for Interpleader which accompanies the instant Motion, to deposit funds in the Court's Registry, and for such other relief as the Court deems just and proper.

Respectfully submitted,

HEART FAILURE SOCIETY OF AMERICA, Inc.

By:_____
Brian Coleman (D.C. Bar No. 459201)
Allen V. Farber (D.C. Bar No. 912865)

DRINKER BIDDLE & REATH LLP<br>
1500 K Street, N.W.<br>
Suite 1100<br>
Washington, DC 20005-1209<br>
Telephone: 202/842-8800<br>
Telecopier: 202/842-8465<br>
Brian.Coleman@dbr.com<br>
Allen.Farber@dbr.com

*Counsel for Plaintiff Heart Failure Society of America*

Dated: December 6, 2007

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HEART FAILURE SOCIETY OF AMERICA, INC.**<br>Court International, Suite 240S<br>2550 University Avenue, West<br>St. Paul, MN 55115<br>        *Plaintiff*,<br><br>v.<br><br>**CONFERENCE SOLUTIONS, INC.,**<br>20283 State Road 7, Suite 400<br>Boca Raton, Florida 33496<br><br>and<br><br>**CONFERENCE SOLUTIONS, INC.**<br> a/k/a<br>**CSI CONFERENCE SOLUTIONS, INC**<br>246 Westview Avenue<br>Fort Lee, New Jersey 04024<br>        *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING MOTION FOR PERMISSION TO FILE COMPLAINT FOR INTERPLEADER AND TO DEPOSIT FUNDS IN THE COURT REGISTRY

This matter comes before the Court on Plaintiff's Motion for Permission to File Complaint for Interpleader and to Deposit Funds in the Court Registry. The Court will grant the motion.

**Wherefore**, it is this \_\_\_\_ day of _____, _____ hereby

**ORDERED**, that Plaintiff's Motion for Permission to File Complaint for Interpleader and to Deposit Funds in the Court Registry is **GRANTED**; and it is further

**ORDERED**, that the Complaint for Interpleader is deemed filed as of this date; and it is further

- 2 -

   **ORDERED**, that Plaintiff shall have until _____, _____ to deposit $_____ in the registry of this Court.

                              _____
                              Judge
                              United States District Court for the
                              District of Columbia