UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEART FAILRE SOCIETY OF AMERICA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CONFERENCE SOLUTIONS, INC. and ) <br> CSI CONFERENCE SOLUTIONS, INC., ) <br> ) <br> Defendants. ) | Case No.   07-cv-02205 (RMU) |

**DEFENDANT CONFERENCE SOLUTIONS, INC.'S
MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF HEART FAILURE SOCIETY OF AMERICA, INC.'S
MOTION FOR PERMISSION TO FILE COMPLAINT FOR INTERPLEADER
AND TO DEPOSIT FUNDS IN THE COURT REGISTRY**

Defendant CONFERENCE SOLUTIONS, INC., by and through its undersigned counsel, serve this, its Memorandum of Law in Opposition to Plaintiff HEART FAILURE SOCIETY OF AMERICA, INC.'S Motion for Permission to File Complaint for Interpleader and to Deposit Funds in the Court Registry (the "Motion"). The circumstances described in the Motion demonstrate that Plaintiff's request to file a complaint for interpleader should be denied in its entirety, and that Plaintiff in effect, seeks to file a declaratory judgment action under the title of an action for interpleader.

**I.   BACKGROUND**

CONFERENCE SOLUTIONS, INC. ("CSI") is a Florida corporation formed in October 2000, which provides a wide array of services in the conference management industry, including presentation, design and development, on-site multimedia management, satellite broadcasts and seminars and product launches throughout the United States. Eli Sananes ("Sananes") was an employee of CSI, from its formation until September 27, 2007, when CSI terminated and

discharged him from its employment. On or about July 23, 3007, while still employed by CSI, Sananes incorporated a new company named CSI CONFERENCE SOLUTIONS, INC. ("NewCo").

On or about October 15, 2004, CSI entered into a multi-year contract with Heart Failure Society of America (the "HFSA Contract"). Pursuant to the First Amendment to the HFSA Contract, HFSA and CSI agreed to extend the HFSA Contract for three (3) additional years, through 2010. Unbeknownst to CSI, on or about August 22, 2007, while still in CSI's employ, Sananes executed a purported Second Amendment with HFSA concerning the HFSA Contract.[1] A true and correct copy of the purported Second Amendment is attached hereto as Exhibit A. Pursuant to the terms of the purported Second Amendment, the HFSA Contract was assigned from CSI to NewCo.

The purported Second Amendment was executed by Cheryl Yano ("Yano"), on behalf of HFSA, by Sananes, as Executive Vice President of CSI, and by Sananes as President of NewCo. Sananes was never the "Executive Vice President" of CSI, and was not authorized by CSI to assign its contracts, and such conduct was a breach of Sananes' fiduciary duty and effected a theft of an existing contractual relationship, which was partly performed, and for which monies were due to CSI. Upon information and belief, HFSA, through its representative, Yano was aware that the Second Amendment was entered without knowledge or authority of CSI.

## II.   INTERPLEADER

HFSA now comes and seeks to be held a "mere stakeholder" in these circumstances, and to deposit to the Court registry an amount it "has not paid and acknowledges are due and owing." HFSA's Motion for Permission to File Complaint for Interpleader and to Deposit Funds in the

---

[1] In fact, CSI only became aware of the existence of the purported Second Amendment when advised of same by HFSA's counsel who was responding to a request from payment by CSI.

-2-

Court Registry should be denied in its entirety as it does not meet the four (4) essential prerequisites for an order of interpleader, which are: (i) that the same debt or duty must be claimed by all parties against whom the relief is demanded; (ii) that the adverse title or claims must be dependent or derived from a common source; (iii) that the plaintiff must not have any claim or interest in the subject matter; and (iv) that the plaintiff must have incurred no independent liability to either of the claimants, but must stand in the position of a disinterested stakeholder. *Morgan v. Kraft*, 285 F. 906 (C.A.D.C. 1922).

      i.      <u>The Same Debt is Not Claimed</u>

According to the Motion (at ¶ 6-7), on or about October 18, 2007, HFSA received a demand for payment from NewCo for services rendered in the amount of $88,650.00, and on or about October 25, 2007, HFSA received a demand for payment from CSI for services rendered in the amount of $155,556.76. According to the Motion (at ¶ 8), HFSA acknowledges there is an unpaid balance totaling $88,650.00, which it seeks to deposit into the Court Registry. CSI and NewCo have made different demands upon HFSA thereby rendering an action for interpleader defective, and necessitating a denial of the Motion.

      ii.      <u>Claims Do Not Arise from a Common Source</u>

CSI has made demand upon HFSA based upon services it performed pursuant to the HFSA Contract. NewCo has made demand upon HFSA based upon the unauthorized Second Amendment, which allegedly assigned the HFSA Contract to NewCo. As described above, Sananes was an employee of CSI, without authority to assign contracts, and purported to assign the HFSA Contract to a new company, which he surreptitiously formed.

### iii. HFSA has an Interest in the Subject Matter

As stated above, the Defendants, CSI and NewCo have made separate and differing claims upon HFSA. Not surprisingly, HFSA has chosen to acknowledge the lesser of the two demands, and seeks the Court's imprimatur to do so. In permitting the Plaintiff to file a complaint for interpleader in this case, the Court would de facto limit the recovery of CSI to an amount far below which it seeks. HFSA seeks to have this Court declare the amount due under the circumstances. This would have the effect of transforming an action for interpleader to a declaratory judgment action, and clearly demonstrates HFSA's interest in the outcome of an action for interpleader.

### iv. HFSA has Incurred an Independent Liability to CSI

HFSA has acknowledged that on August 24, 2007, it made a payment of $52,515.75 as a "second deposit." Upon information and belief, this "second deposit" was made to NewCo, and was made two (2) days following Sananes execution the purported Second Amendment. To the extent HFSA improperly paid NewCo the "second deposit" and a Court determines same, that amount will be owed to CSI as well. As indicated above, upon information and belief, HFSA, through Yano, was aware that the Second Amendment was entered without knowledge or authority of CSI. Moreover, upon information and belief, HFSA, through Yano, conspired with NewCo, in an effort to deprive CSI of payment for services it rendered to HFSA. Therefore, HFSA cannot claim to be a "mere stakeholder" deserving of permission to file a complaint for interpleader.

## CONCLUSION

Accordingly, for the reasons stated above, Defendant, Conference Solutions, Inc., respectfully requests this Court to deny Plaintiff's Motion for Permission to File Complaint for Interpleader and to Deposit Funds in the Court Registry. Inasmuch as this Court has not ruled

upon Plaintiff's Motion, it would be premature to respond to Plaintiff's Complaint for Interpleader. In an abundance of caution however, CSI requests leave to respond to the Complaint to the extent the Court grants Plaintiff's Motion, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

_/s/ Nancy R. Grunberg_
Nancy R. Grunberg  (D.C. Bar No. 380169)
LaShon K. Kell  (D.C. Bar No. 483465)
VENABLE  LLP
575 7th Street, N.W.
Washington, D.C.  20004
Telephone:  (202) 344-4000
Facsimile:   (202) 344-8300

Howard D. DuBosar (*admitted pro hac vice*)
(Florida Bar No. 729108)
Avi M. Zwelling  (*not admitted in D.C.*)
(Florida Bar No. 890081)
DuBosar & Perez, P.A.
120 East Palmetto Park Road
Suite 100
Boca Raton, Florida  33432
Phone: 561-544-8980
Fax:     561-544-8988

***Counsel for Defendant***
***Conference Solutions, Inc.***

Date:   January 22, 2008

-5-

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of January 2008, a true and correct copy of the foregoing *Defendant Conference Solutions, Inc.'s Memorandum of Law in Opposition to Plaintiff Heart Failure Society Of America, Inc.'s Motion for Permission to File Complaint for Interpleader and to Deposit Funds in the Court Registry* was served by the Court's ECF filing system on the following:

>Brian Coleman, Esquire
>Allen V. Farber, Esquire
>Drinker Biddle & Reath LLP
>1500 K Street, N.W.
>Suite 1100
>Washington, D.C.  20005
>
>*Counsel for Plaintiff*
>
>
>Christopher Bruno, Esquire
>Bruno & Degenhardt, P.C.
>10615 Judicial Drive
>Suite 703
>Fairfax, Virginia  22030
>
>*Counsel for Defendant*
>*CSI Conference Solutions, Inc.*

>           */s/ Nancy R. Grunberg*
>          Nancy R. Grunberg

10-08-2007  17:26   From-HFSA           6516421502           T-655  P.002  F-389
08-22-2007  07:45   From-HFSA           6516421502           T-308  P.002/003 F-061

new
4 pages

## Second Amendment to
## Conference Organization Agreement
## By and Between
## Conference Solutions, Inc. and Heart Failure Society of America, Inc.

THIS SECOND AMENDMENT TO THE CONFERENCE ORGANIZATION AGREEMENT (the "Amendment") is made and entered into effective as of August 1, 07, 2007 (the "Effective Date"), by and between Conference Solutions Inc. (hereinafter "CSI"), Heart Failure Society of America (hereinafter "HFSA"), and CSI Conference Solutions Inc. ("Successor CSI").

WHEREAS, CSI and HFSA entered into a Conference Organization Agreement effective as of October 15, 2004, as amended by that certain First Amendment between CSI and HFSA effective as of June 1, 2005 (collectively, the "Agreement"); and

WHEREAS, CSI and HFSA desire to amend the Agreement to assign the Agreement to Successor CSI and Successor CSI hereby accepts desires to accept assignment of such Agreement.

NOW, THEREFORE, in consideration of the promises and mutual covenants hereinafter set forth, the parties agree as follows:

1. **Recitals.** The foregoing recitals are restated and incorporated herein by reference.

2. **Assignment.** Pursuant to Section 6(a) of the Agreement, the parties hereby agree that, as of the Effective Date, CSI hereby assigns its rights and obligations under the Agreement to Successor CSI and Successor CSI hereby agrees to assume the rights and obligations of CSI under this Agreement. The parties agree that CSI and Successor CSI shall be jointly and severally liable for any and all obligations under the Agreement arising or related to the period before the Effective Date and Successor CSI shall be solely liable for any and all obligations under the Agreement arising to or related to the period from and after the Effective Date.

3. **Effect of Amendments.** Except to the extent hereby modified and amended, the Agreement remains in full force and effect.

[Signature page to follow]

1


EXHIBIT A

IN WITNESS WHEREOF, the parties hereto have executed this Agreement by their duly authorized representatives as of the Effective Date.

Heart Failure Society of America, Inc.

Signature: _____
BY: Cheryl Yano
Title: Executive Director
Date: 8-22-07

Conference Solutions, Inc.

Signature: _____
BY: Eli Saslaves
Title: Exec VP
Date: 8/22/07

CSI Conference Solutions, Inc.

Signature: _____
BY: Eli Saslaves
Title: President
Date: 8/22/07

DC01/ 530216.2

2