IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEART FAILURE SOCIETY OF AMERICA, INC. | )<br>)<br>) |
| *Plaintiff*, | )<br>)<br>) |
| v. | )<br>) |
| CONFERENCE SOLUTIONS, INC., | )<br>)   Case No. 07-cv-02205<br>)            (RMU) |
| and | )<br>)<br>) |
| CSI CONFERENCE SOLUTIONS, INC | )<br>) |
| *Defendants*. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PERMISSION
TO FILE COMPLAINT FOR INTERPLEADER AND TO DEPOSIT
<u>FUNDS IN THE COURT REGISTRY</u>**

Plaintiff, Heart Failure Society of America, Inc. ("**HFSA**"), by counsel, in response to Defendant Conference Solutions, Inc.'s Memorandum of Law in Opposition to Plaintiff's Motion for Permission to File Complaint for Interpleader and to Deposit Funds in the Registry of the Court ("**Opposition**"), and in support of its Motion, hereby files the following Reply.

As an initial matter, the unfounded and false accusations slung by Defendant Conference Solutions Inc. ("**CSI**") that "upon information and belief" HFSA "was aware that the . . . [assignment of the contract at issue from CSI to CSI-II] was entered [into] without the knowledge or authority of CSI," and that HFSA "conspired with . . . [CSI-II] in an effort to deprive CSI of payment for services it rendered to HFSA," *see* Opposition at 4, are undeserving at this time of substantive response. Those accusations are unpleaded, are unsupported by any facts and, most importantly, are irrelevant to the issue of whether HFSA should be granted leave

to file its Complaint for Interpleader.[1] HFSA will respond only by stating that, if necessary, HFSA can and will either deposit into the registry of the court a sum of money, or file a surety bond approved by the court, which would suffice to meet any obligations that CSI has asserted HFSA owes.

However, that sum can amount to no more than a total of $103,041.01. CSI acknowledges in its Opposition both that HFSA made a "second deposit" of $52,515.75 to CSI-II, and that CSI seeks payment from HFSA of $155,556.76, without crediting the "second deposit." *See* Opposition at 3-4. HFSA in its Motion and Complaint has acknowledged an outstanding debt of $88,650. Thus, the difference between what HFSA claims to owe ($88,650 to CSI or CSI-II) and what CSI claims it is due from HFSA ($155,556.76) totals $66,906.76. Subtracting from this amount the $52,515.75 already paid to CSI-II as a "second deposit" yields a potential additional $14,391.01 for HFSA to deposit, for a total of $103,041.01. Any claims CSI asserts it is owed beyond this amount, if such claims succeed, must be satisfied by CSI-II, which has retained the "second deposit."

The Opposition's argument against granting leave for HFSA to file its Complaint for interpleader is based solely on one case - a 1922 District of Columbia decision which recites antiquated equitable common-law requirements for a plaintiff to file an action in interpleader. *See* Opposition at 3 (*citing Morgan v. Kraft*, 285 F. 906 (C.A.D.C. 1922).[2] These four equitable requirements - that all parties to be interpleaded must claim "the same debt or duty," the claims

---

[1] HFSA will address these false accusations when appropriate.

[2] This case not only predated the principles governing modern federal interpleader actions as codified in Chapter 28 of the United States Code and Federal Rule of Civil Procedure 22 and as subsequently interpreted by federal courts, but also was based upon the *District of Columbia* interpleader statute. *See* 285 F. at 907.

must come from a "common source," the plaintiff must lack a "claim or interest in the subject matter," and "the plaintiff must have incurred no independent liability to either of the claimants" –not only have been superseded by both federal statute and the Federal Rules of Civil Procedure, but they are in any event met here.

A plaintiff properly may join defendants for interpleader despite the fact that the several claimants' "claims . . . or titles on which their claims depend lack a common origin or are adverse and independent rather than identical . . . or . . . the plaintiff denies liability in whole or in part to any or all of the claimants." Fed. R. Civ. P. 22(a). *See also* 28 U.S.C. § 1335(b) (Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another."). These provisions, codified after *Morgan* and amended thereafter, expressly eliminate the first two equitable common-law requirements, and were passed for the very purpose of doing so. *See generally* James Wm. Moore et al., *Moore's Federal Practice* §§ 22.02, 22.07 & Appx. (3d ed. 2007) (citing cases and legislative history).

The third historic requirement, lack of a claim by the stakeholder, likewise has long been abrogated by the passage of the modern statutory and rule regime. *See id.* at 22-10 – 22-12 & nn.15, 16, 22-108 & nn. 6, 7 (citing cases). *See also* 28 U.S.C. § 1335 (a) ("The district courts shall have original jurisdiction of any civil action of interpleader *or in the nature of interpleader* . . . .") (emphasis added). Similarly, courts have deemed inapplicable the fourth historic requirement, lack of independent liability by the plaintiff, because unlike the historical claimant under the old equitable rules, modern claimants "have full access to a variety of joinder devices, including the counterclaim and crossclaim." *See id.* at 22-108 – 22-109 & n.10 (citing cases

from the 4th, 7th, 8th, 9th, and 10th Circuits).³ Accordingly, CSI will be fully able to assert, by way of crossclaim, whatever claims it deems necessary against CSI-II in this interpleader action, and will not be prejudiced in the least by the granting of HFSA's Motion.

"[T]he interpleader statute is liberally construed to protect the stakeholder from the expense of defending twice, as well as to protect him from double liability." *Star Ins. Co. v. Cedar Valley Express, LLC*, 273 F. Supp. 2d 38, 43 (D.D.C. 2002) (*quoting New York Life Ins. Co. v. Welch*, 111 U.S. App. D.C. 376, 297 F.2d 787, 378 (D.C. Cir. 1961) *and citing State Farm & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967)). Because CSI cites no basis upon which to deny HFSA's Motion other than inapplicable, obsolete common-law equitable restrictions, HFSA respectfully suggests that the Court should grant the Motion. HFSA has adequately pleaded its status as a stakeholder faced with the possibility of multiple liability under 28 U.S.C. § 1335, and judicial economy counsels in favor of granting the Motion.

In any event, even if the Court were to apply the obsolete common-law requirements cited by CSI, HFSA satisfies all of them. <u>First</u>, the claims of both CSI and CSI-II arise from the same "debt or duty" – the amount due for services rendered under one contract for services to be performed in the District of Columbia. Whether that contract was improperly amended or assigned from CSI to CSI-II, as CSI asserts in its Opposition, is a separate matter for the Court or a jury to determine and for CSI and CSI-II to litigate between each other at a future point in time.

---

³ Even the few cases that have applied the common-law no-independent-liability requirement in modern federal interpleader actions have done so only in the Rule 22 interpleader context, not the statutory interpleader context. *See, e.g., Nevada Eighty-Eight, Inc. v. Title Ins. Co. of Minn.*, 753 F. Supp. 1516, 1527-28 (D. Nev. 1990). Here, however, HFSA has properly brought a statutory interpleader action, and merely pleaded rule interpleader in the alternative, which renders inapplicable the no-independent-liability requirement even in the event that this Court would follow the minority rule.

Second, the claims come from a common source, namely, that same contract for services.

Third, HFSA has no active claim in this subject matter, and only disputes the total amount owed, based on what appears to be double-billing by CSI and CSI-II for the same services rendered under the same contract. Nevertheless, as stated above, HFSA is willing to deposit an additional $14,391.01 to cover the difference between what HFSA would owe under CSI's claim and under CSI-II's claim.

Fourth, HFSA has no independent liability in this case. While CSI attempts to muddy the waters by asserting, without so pleading, that HFSA may have conspired with CSI-II to prevent CSI from recovering monies due, such a bald, unpleaded claim should not be countenanced. Not only is it unaccompanied by any fact or evidence, it is completely devoid of logic. HFSA has brought an action here in which it seeks to avoid multiple liability, to deposit funds into the registry to effectuate same, and now offers to increase the deposit to meet the difference between CSI's (disputed) claimed amount due and CSI-II's (acknowledged) claimed amount due. If HFSA had conspired (which it most certainly did not) with CSI-II to deprive CSI of funds, it would not willingly have sought judicial intervention and determination of the party to which HFSA owes money.

## CONCLUSION

For the reasons stated above, HFSA's Motion for Permission to File Complaint for Interpleader and to Deposit Funds in the Registry of the Court should be granted.

Respectfully submitted,

      /s/
Allen V. Farber (D.C. Bar No. 912865)
Brian Coleman (D.C. Bar No. 459201)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Suite 1100
Washington, DC 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
Allen.Farber@dbr.com
Brian.Coleman@dbr.com

*Counsel for Plaintiff Heart Failure Society of America*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Reply in Support of Motion for Permission to File Complaint for Interpleader and to Deposit Funds in the Court Registry was electronically filed via CM/ECF, which filing gave notice to all parties.

By: /s/
Allen V. Farber (D.C. Bar No. 912865)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Suite 1100
Washington, DC 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
Allen.Farber@dbr.com

NS